EXHIBIT 1



**null / ALL**
**Transmittal Number: 29703278**
**Date Processed: 08/15/2024**

# Notice of Service of Process

| | |
|---|---|
| **Primary Contact:** | Christine DiDomizio<br>Jaguar Land Rover North America, LLC<br>100 Jaguar Land Rover Way<br>Mahwah, NJ 07495-1100 |
| **Electronic copy provided to:** | Ricardo Tapia<br>Ramsey Ong<br>Nadira Kirkland<br>Patricia Bradley<br>Agnes Wegiel<br>Timothy Fleming |

| | |
|---|---|
| **Entity:** | Jaguar Land Rover North America, LLC<br>Entity ID Number  3279821 |
| **Entity Served:** | Jaguar Land Rover North America, LLC |
| **Title of Action:** | Sur Transportation Inc. vs. Jaguar Land Rover North America, LLC |
| **Matter Name/ID:** | Sur Transportation Inc. vs. Jaguar Land Rover North America, LLC (16128495) |
| **Document(s) Type:** | Summons/Complaint |
| **Nature of Action:** | Breach of Warranty |
| **Court/Agency:** | Los Angeles County Superior Court, CA |
| **Case/Reference No:** | 24NNCV03482 |
| **Jurisdiction Served:** | California |
| **Date Served on CSC:** | 08/15/2024 |
| **Answer or Appearance Due:** | 30 Days |
| **Originally Served On:** | CSC |
| **How Served:** | Personal Service |
| **Sender Information:** | Manookian Law, APLC<br>818-392-4272 |

Information contained on this transmittal form is for record keeping, notification and forwarding the attached document(s). It does not constitute a legal opinion. The recipient is responsible for interpreting the documents and taking appropriate action.

**To avoid potential delay, please do not send your response to CSC**

251 Little Falls Drive, Wilmington, Delaware 19808-1674   (888) 690-2882   |   sop@cscglobal.com

Service To:   CSC LAWYERS INCORPORATING SERVICE
2710 GATEWAY OAKS DRIVE, SUITE 150N
SACRAMENTO, CA 95833

Party to be Served: JAGUAR LAND ROVER NORTH AMERICA,
LLC, A DELAWARE LIMITED LIABILITY
COMPANY

Case Number:  24NNCV03482

Case Name:  SUR TRANSPORTATION, INC. vs JAGUAR LAND
ROVER NORTH AMERICA, LLC, A DELAWARE
LIMITED LIABILITY COMPANY

Service Date:  AUGUST 15, 2024
SUMMONS & COMPLAINT

THIS COVER SHEET IS INTENDED SOLELY FOR INFORMATIONAL PURPOSES – IT IS NOT A LEGAL
DOCUMENT AND USING IT AS A LEGAL DOCUMENT IS PROHIBITED

**SERVED BY**:
SURE SERVE PROCESS SERVERS
SURESERVESAC.COM
1500 W. EL CAMINO AVENUE #319
SACRAMENTO, CA 95833
(P) 916-996-4363 | (F) 916-942-9697

SUM-100

# SUMMONS
## *(CITACION JUDICIAL)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

JAGUAR LAND ROVER NORTH AMERICA, LLC, a Delaware
limited liability company; and DOES 1 through 50 inclusive,

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

SUR TRANSPORTATION INC, a California corporation

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/12/2024 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By N. Le, Deputy Clerk

---

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

---

| | |
|---|---|
| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* ~~Pasadena Courthouse~~<br>~~300 East Walnut St.~~<br>Pasadena, CA 91101<br><br>BURBANK COURTHOUSE<br>300 EAST OLIVE AVENUE, RM 225<br>BURBANK, CA 91502 | CASE NUMBER:<br>*(Número del Caso):*<br>**24NNCV03482** |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
Claude Manookian, Esq. - 500 N. Brand Blvd., Ste. 1125 - Glendale CA 91203 - (818) 392-4272

DATE: 08/12/2024
*(Fecha)*

David W. Slayton, Executive Officer/Clerk of Court
Clerk, by N. Le , Deputy
*(Secretario)* *(Adjunto)*

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☑ on behalf of *(specify):* **JAGUAR LAND ROVER NORTH AMERICA, LLC,**
**A DELAWARE LIMITED LIABILITY COMPANY**

under: ☐ CCP 416.10 (corporation)      ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)      ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)      ☐ CCP 416.90 (authorized person)
☑ other *(specify):* CCP 17701.16 LIMITED LIABILITY COMPANY
4. ☑ by personal delivery on *(date):* AUGUST 15, 2024

Page 1 of 1

| | | |
|---|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev. July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>*www.courtinfo.ca.gov* |

For your protection and privacy, please

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Claude Manookian, Esq. - (SBN 243261) MANOOKIAN LAW, APLC<br>500 N. Brand Blvd., Suite 1125 - Glendale, CA 91203<br>TELEPHONE NO.: 818-392-4272          FAX NO.: 818-484-2192<br>EMAIL ADDRESS: cmm@manooklanlaw.com<br>ATTORNEY FOR *(Name):* Plaintiff: SUR TRANSPORTATION INC | Electronically FILED by<br>Superior Court of California,<br>County of Los Angeles<br>8/12/2024 12:00 AM<br>David W. Slayton,<br>Executive Officer/Clerk of Court,<br>By N. Le, Deputy Clerk |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  LOS ANGELES
STREET ADDRESS: 300 East Walnut St.
MAILING ADDRESS:
CITY AND ZIP CODE: Pasadena 91101
BRANCH NAME: Pasadena Courthouse

BURBANK COURTHOUSE
300 EAST OLIVE AVENUE, RM 225
BURBANK, CA 91502

CASE NAME:
SUR TRANSPORTATION INC. vs. JAGUAR LAND ROVER NORTH AMERICA, LLC, et al.

| CIVIL CASE COVER SHEET | | Complex Case Designation | | CASE NUMBER: |
|---|---|---|---|---|
| [x] Unlimited<br>(Amount demanded exceeds $35,000) | [ ] Limited<br>(Amount demanded is $35,000 or less) | [ ] Counter    [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | | 24NNCV03482 |
| | | | | JUDGE:<br>DEPT.: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

| Auto Tort | Contract | Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403) |
|---|---|---|
| [ ] Auto (22) | [ ] Breach of contract/warranty (06) | [ ] Antitrust/Trade regulation (03) |
| [ ] Uninsured motorist (46) | [ ] Rule 3.740 collections (09) | [ ] Construction defect (10) |
| **Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort** | [ ] Other collections (09) | [ ] Mass tort (40) |
| [ ] Asbestos (04) | [ ] Insurance coverage (18) | [ ] Securities litigation (28) |
| [x] Product liability (24) | [ ] Other contract (37) | [ ] Environmental/Toxic tort (30) |
| [ ] Medical malpractice (45) | **Real Property** | [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41) |
| [ ] Other PI/PD/WD (23) | [ ] Eminent domain/Inverse condemnation (14) | **Enforcement of Judgment** |
| **Non-PI/PD/WD (Other) Tort** | [ ] Wrongful eviction (33) | [ ] Enforcement of judgment (20) |
| [ ] Business tort/unfair business practice (07) | [ ] Other real property (26) | **Miscellaneous Civil Complaint** |
| [ ] Civil rights (08) | **Unlawful Detainer** | [ ] RICO (27) |
| [ ] Defamation (13) | [ ] Commercial (31) | [ ] Other complaint *(not specified above)* (42) |
| [ ] Fraud (16) | [ ] Residential (32) | **Miscellaneous Civil Petition** |
| [ ] Intellectual property (19) | [ ] Drugs (38) | [ ] Partnership and corporate governance (21) |
| [ ] Professional negligence (25) | **Judicial Review** | [ ] Other petition *(not specified above)* (43) |
| [ ] Other non-PI/PD/WD tort (35) | [ ] Asset forfeiture (05) | |
| **Employment** | [ ] Petition re: arbitration award (11) | |
| [ ] Wrongful termination (36) | [ ] Writ of mandate (02) | |
| [ ] Other employment (15) | [ ] Other judicial review (39) | |

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive
4. Number of causes of action *(specify):* 2
5. This case [ ] is  [x] is not  a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*
Date: August 11, 2024

Claude Manookian, Esq.
_____
(TYPE OR PRINT NAME)                                         ▶                           (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

| Form Adopted for Mandatory Use<br>Judicial Council of California | **CIVIL CASE COVER SHEET** | Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10 |
|---|---|---|

## INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET

CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

### CASE TYPES AND EXAMPLES

**Auto Tort**
Auto (22)–Personal Injury/Property
    Damage/Wrongful Death
Uninsured Motorist (46) *(if the
    case involves an uninsured
    motorist claim subject to
    arbitration, check this item
    instead of Auto)*

**Other PI/PD/WD (Personal Injury/
Property Damage/Wrongful Death) Tort**
Asbestos (04)
    Asbestos Property Damage
    Asbestos Personal Injury/
        Wrongful Death
Product Liability *(not asbestos or
    toxic/environmental)* (24)
Medical Malpractice (45)
    Medical Malpractice–
        Physicians & Surgeons
    Other Professional Health Care
        Malpractice
Other PI/PD/WD (23)
    Premises Liability (e.g., slip
        and fall)
    Intentional Bodily Injury/PD/WD
        (e.g., assault, vandalism)
    Intentional Infliction of
        Emotional Distress
    Negligent Infliction of
        Emotional Distress
    Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business
    Practice (07)
Civil Rights (e.g., discrimination,
    false arrest) *(not civil
    harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
    Legal Malpractice
    Other Professional Malpractice
        *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
    Breach of Rental/Lease
        Contract *(not unlawful detainer
        or wrongful eviction)*
    Contract/Warranty Breach–Seller
        Plaintiff *(not fraud or negligence)*
    Negligent Breach of Contract/
        Warranty
    Other Breach of Contract/Warranty
Collections (e.g., money owed, open
    book accounts) (09)
    Collection Case–Seller Plaintiff
    Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally
    complex)* (18)
    Auto Subrogation
    Other Coverage
Other Contract (37)
    Contractual Fraud
    Other Contract Dispute

**Real Property**
Eminent Domain/Inverse
    Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
    Writ of Possession of Real Property
    Mortgage Foreclosure
    Quiet Title
    Other Real Property *(not eminent
    domain, landlord/tenant, or
    foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal
    drugs, check this item; otherwise,
    report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
    Writ–Administrative Mandamus
    Writ–Mandamus on Limited Court
        Case Matter
    Writ–Other Limited Court Case Review
Other Judicial Review (39)
    Review of Health Officer Order
    Notice of Appeal–Labor Commissioner
        Appeals

**Provisionally Complex Civil Litigation (Cal.
Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims
    *(arising from provisionally complex
    case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
    Abstract of Judgment (Out of County)
    Confession of Judgment *(non-domestic
        relations)*
    Sister State Judgment
    Administrative Agency Award
        *(not unpaid taxes)*
    Petition/Certification of Entry of
        Judgment on Unpaid Taxes
    Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
    Declaratory Relief Only
    Injunctive Relief Only *(non-
        harassment)*
    Mechanics Lien
    Other Commercial Complaint
        Case *(non-tort/non-complex)*
    Other Civil Complaint
        *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate
    Governance (21)
Other Petition *(not specified above)* (43)
    Civil Harassment
    Workplace Violence
    Elder/Dependent Adult Abuse
    Election Contest
    Petition for Name Change
    Petition for Relief From Late Claim
    Other Civil Petition

**CIVIL CASE COVER SHEET**

For your protection and privacy, please press the Clear

| SHORT TITLE | CASE NUMBER |
|---|---|
| SUR TRANSPORTATION INC. vs. JAGUAR LAND ROVER NORTH AMERICA, LLC, et al. | |

## CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION

### (CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)

**This form is required pursuant to Local Rule 2.3 in all new civil case filings in the Los Angeles Superior Court**

**Step 1:** After completing the Civil Case Cover Sheet (Judicial Council form CM-010), find the exact case type in Column A that corresponds to the case type indicated in the Civil Case Cover Sheet.

**Step 2:** In Column B, check the box for the type of action that best describes the nature of the case.

**Step 3:** In Column C, circle the number which explains the reason for the court filing location you have chosen.

| Applicable Reasons for Choosing Courthouse Location (Column C) | |
|---|---|
| 1. Class Actions must be filed in the Stanley Mosk Courthouse, Central District. | 7. Location where petitioner resides. |
| 2. Permissive filing in Central District. | 8. Location wherein defendant/respondent functions wholly. |
| 3. Location where cause of action arose. | 9. Location where one or more of the parties reside. |
| 4. Location where bodily injury, death or damage occurred. | 10. Location of Labor Commissioner Office. |
| 5. Location where performance required, or defendant resides. | 11. Mandatory filing location (Hub Cases – unlawful detainer, limited non-collection, limited collection). |
| 6. Location of property or permanently garaged vehicle. | |

| | A Civil Case Cover Sheet Case Type | B Type of Action (check only one) | C Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Auto Tort** | Auto (22) | ☐ 2201 Motor Vehicle – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | Uninsured Motorist (46) | ☐ 4601 Uninsured Motorist – Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| **Other Personal Injury/ Property Damage/ Wrongful Death** | Other Personal Injury/ Property Damage/ Wrongful Death (23) | ☐ 2301 Premise Liability (e.g., dangerous conditions of property, slip/trip and fall, dog attack, etc.) | 1, 4 |
| | | ☐ 2302 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, battery, vandalism, etc.) | 1, 4 |
| | | ☐ 2303 Intentional Infliction of Emotional Distress | 1, 4 |
| | | ☐ 2304 Other Personal Injury/Property Damage/Wrongful Death | 1, 4 |
| | | ☐ 2305 Elder/Dependent Adult Abuse/Claims Against Skilled Nursing Facility | 1, 4 |
| | | ☐ 2306 Intentional Conduct – Sexual Abuse Case (in any form) | 1, 4 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| SUR TRANSPORTATION INC. vs. JAGUAR LAND ROVER NORTH AMERICA, LLC, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Other Personal Injury/ Property Damage/ Wrongful Death** | | ☐ 2307 Construction Accidents | 1, 4 |
| | | ☐ 2308 Landlord – Tenant Habitability (e.g., bed bugs, mold, etc.) | 1, 4 |
| | Product Liability (24) | ☐ 2401 Product Liability (not asbestos or toxic/ environmental) | 1, 4 |
| | | ☑ 2402 Product Liability – Song-Beverly Consumer Warranty Act (CA Civil Code §§1790-1795.8) (Lemon Law) | 1, 3, 5 |
| | Medical Malpractice (45) | ☐ 4501 Medical Malpractice – Physicians & Surgeons | 1, 4 |
| | | ☐ 4502 Other Professional Health Care Malpractice | 1, 4 |
| **Non-Personal Injury/Property Damage/Wrongful Death Tort** | Business Tort (07) | ☐ 0701 Other Commercial/Business Tort (not fraud or breach of contract) | 1, 2, 3 |
| | Civil Rights (08) | ☐ 0801 Civil Rights/Discrimination | 1, 2, 3 |
| | Defamation (13) | ☐ 1301 Defamation (slander/libel) | 1, 2, 3 |
| | Fraud (16) | ☐ 1601 Fraud (no contract) | 1, 2, 3 |
| | Professional Negligence (25) | ☐ 2501 Legal Malpractice | 1, 2, 3 |
| | | ☐ 2502 Other Professional Malpractice (not medical or legal) | 1, 2, 3 |
| | Other (35) | ☐ 3501 Other Non-Personal Injury/Property Damage Tort | 1, 2, 3 |
| **Employment** | Wrongful Termination (36) | ☐ 3601 Wrongful Termination | 1, 2, 3 |
| | Other Employment (15) | ☐ 1501 Other Employment Complaint Case | 1, 2, 3 |
| | | ☐ 1502 Labor Commissioner Appeals | 10 |
| **Contract** | Breach of Contract / Warranty (06) (not insurance) | ☐ 0601 Breach of Rental/Lease Contract (not unlawful detainer or wrongful eviction) | 2, 5 |
| | | ☐ 0602 Contract/Warranty Breach – Seller Plaintiff (no fraud/negligence) | 2, 5 |
| | | ☐ 0603 Negligent Breach of Contract/Warranty (no fraud) | 1, 2, 5 |
| | | ☐ 0604 Other Breach of Contract/Warranty (no fraud/ negligence) | 1, 2, 5 |
| | | ☐ 0605 Breach of Rental/Lease Contract (COVID-19 Rental Debt) | 2, 5 |
| | Collections (09) | ☐ 0901 Collections Case – Seller Plaintiff | 5, 6, 11 |
| | | ☐ 0902 Other Promissory Note/Collections Case | 5, 11 |
| | | ☐ 0903 Collections Case – Purchased Debt (charged off consumer debt purchased on or after January 1, 2014) | 5, 6, 11 |
| | | ☐ 0904 Collections Case – COVID-19 Rental Debt | 5, 11 |
| | Insurance Coverage (18) | ☐ 1801 Insurance Coverage (not complex) | 1, 2, 5, 8 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| SUR TRANSPORTATION INC. vs. JAGUAR LAND ROVER NORTH AMERICA, LLC, et al. | |

| | A<br>Civil Case Cover Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable Reasons (see Step 3 above) |
|---|---|---|---|
| **Contract** (Continued) | Other Contract (37) | ☐ 3701 Contractual Fraud | 1, 2, 3, 5 |
| | | ☐ 3702 Tortious Interference | 1, 2, 3, 5 |
| | | ☐ 3703 Other Contract Dispute (not breach/insurance/fraud/negligence) | 1, 2, 3, 8, 9 |
| **Real Property** | Eminent Domain/ Inverse Condemnation (14) | ☐ 1401 Eminent Domain/Condemnation<br>                    Number of Parcels _____ | 2, 6 |
| | Wrongful Eviction (33) | ☐ 3301 Wrongful Eviction Case | 2, 6 |
| | Other Real Property (26) | ☐ 2601 Mortgage Foreclosure | 2, 6 |
| | | ☐ 2602 Quiet Title | 2, 6 |
| | | ☐ 2603 Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2, 6 |
| **Unlawful Detainer** | Unlawful Detainer – Commercial (31) | ☐ 3101 Unlawful Detainer – Commercial (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Residential (32) | ☐ 3201 Unlawful Detainer – Residential (not drugs or wrongful eviction) | 6, 11 |
| | Unlawful Detainer – Post Foreclosure (34) | ☐ 3401 Unlawful Detainer – Post Foreclosure | 2, 6, 11 |
| | Unlawful Detainer – Drugs (38) | ☐ 3801 Unlawful Detainer – Drugs | 2, 6, 11 |
| **Judicial Review** | Asset Forfeiture (05) | ☐ 0501 Asset Forfeiture Case | 2, 3, 6 |
| | Petition re Arbitration (11) | ☐ 1101 Petition to Compel/Confirm/Vacate Arbitration | 2, 5 |
| | Writ of Mandate (02) | ☐ 0201 Writ – Administrative Mandamus | 2, 8 |
| | | ☐ 0202 Writ – Mandamus on Limited Court Case Matter | 2 |
| | | ☐ 0203 Writ – Other Limited Court Case Review | 2 |
| | Other Judicial Review (39) | ☐ 3901 Other Writ/Judicial Review | 2, 8 |
| | | ☐ 3902 Administrative Hearing | 2, 8 |
| | | ☐ 3903 Parking Appeal | 2, 8 |
| **Provisionally Complex Litigation** | Antitrust/Trade Regulation (03) | ☐ 0301 Antitrust/Trade Regulation | 1, 2, 8 |
| | Asbestos (04) | ☐ 0401 Asbestos Property Damage | 1, 11 |
| | | ☐ 0402 Asbestos Personal Injury/Wrongful Death | 1, 11 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| SUR TRANSPORTATION INC. vs. JAGUAR LAND ROVER NORTH AMERICA, LLC, et al. | |

| | A<br>Civil Case Cover<br>Sheet Case Type | B<br>Type of Action<br>(check only one) | C<br>Applicable<br>Reasons (see<br>Step 3 above) |
|---|---|---|---|
| **Provisionally Complex Litigation (Continued)** | Construction Defect (10) | ☐ 1001 Construction Defect | 1, 2, 3 |
| | Claims Involving Mass Tort (40) | ☐ 4001 Claims Involving Mass Tort | 1, 2, 8 |
| | Securities Litigation (28) | ☐ 2801 Securities Litigation Case | 1, 2, 8 |
| | Toxic Tort Environmental (30) | ☐ 3001 Toxic Tort/Environmental | 1, 2, 3, 8 |
| | Insurance Coverage Claims from Complex Case (41) | ☐ 4101 Insurance Coverage/Subrogation (complex case only) | 1, 2, 5, 8 |
| **Enforcement of Judgment** | Enforcement of Judgment (20) | ☐ 2001 Sister State Judgment | 2, 5, 11 |
| | | ☐ 2002 Abstract of Judgment | 2, 6 |
| | | ☐ 2004 Administrative Agency Award (not unpaid taxes) | 2, 8 |
| | | ☐ 2005 Petition/Certificate for Entry of Judgment Unpaid Tax | 2, 8 |
| | | ☐ 2006 Other Enforcement of Judgment Case | 2, 8, 9 |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ 2701 Racketeering (RICO) Case | 1, 2, 8 |
| | Other Complaints (not specified above) (42) | ☐ 4201 Declaratory Relief Only | 1, 2, 8 |
| | | ☐ 4202 Injunctive Relief Only (not domestic/harassment) | 2, 8 |
| | | ☐ 4203 Other Commercial Complaint Case (non-tort/noncomplex) | 1, 2, 8 |
| | | ☐ 4204 Other Civil Complaint (non-tort/non-complex) | 1, 2, 8 |
| **Miscellaneous Civil Petitions** | Partnership Corporation Governance (21) | ☐ 2101 Partnership and Corporation Governance Case | 2, 8 |
| | Other Petitions (not specified above) (43) | ☐ 4301 Civil Harassment with Damages | 2, 3, 9 |
| | | ☐ 4302 Workplace Harassment with Damages | 2, 3, 9 |
| | | ☐ 4303 Elder/Dependent Adult Abuse Case with Damages | 2, 3, 9 |
| | | ☐ 4304 Election Contest | 2 |
| | | ☐ 4305 Petition for Change of Name/Change of Gender | 2, 7 |
| | | ☐ 4306 Petition for Relief from Late Claim Law | 2, 3, 8 |
| | | ☐ 4307 Other Civil Petition | 2, 9 |

| SHORT TITLE | CASE NUMBER |
|---|---|
| SUR TRANSPORTATION INC. vs. JAGUAR LAND ROVER NORTH AMERICA, LLC, et al. | |

**Step 4: Statement of Reason and Address:** Check the appropriate boxes for the numbers shown under Column C for the type of action that you have selected. Enter the address, which is the basis for the filing location including zip code. (No address required for class action cases.)

| REASON:<br>☐ 1. ☐ 2. ☐ 3. ☐ 4. ☑ 5. ☐ 6. ☐ 7. ☐ 8. ☐ 9. ☐ 10. ☐ 11 | ADDRESS:<br>3485 EAST COLORADO BLVD |
|---|---|
| CITY:<br>PASADENA | STATE:<br>CA | ZIP CODE:<br>91107 | |

**Step 5: Certification of Assignment:** I certify that this case is properly filed in the ___North East___ District of the Superior Court of California, County of Los Angeles [Code of Civ. Proc., 392 et seq., and LASC Local Rule 2.3(a)(1)(E)]

Dated:  08/11/2024

(SIGNATURE OF ATTORNEY/FILING PARTY)

**PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:**

1. Original Complaint or Petition.
2. If filing a Complaint, a completed Summons form for issuance by the Clerk.
3. Civil Case Cover Sheet Judicial Council form CM-010.
4. Civil Case Cover Sheet Addendum and Statement of Location form LASC CIV 109 (01/23).
5. Payment in full of the filing fee, unless there is a court order for waiver, partial or schedule payments.
6. A signed order appointing a Guardian ad Litem, Judicial Council form CIV-010, if the plaintiff or petitioner is a minor under 18 years of age will be required by Court to issue a Summons.
7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the Summons and Complaint, or other initiating pleading in the case.

LASC CIV 109 Rev. 01/23
For Mandatory Use

CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION

LASC Local Rule 2.3

1    **MANOOKIAN LAW, APLC**
2    Claude Manookian, Esq. (SBN 243261)
     500 N. Brand Boulevard, Suite 1125
3    Glendale, California 91203
     Telephone:    (818) 392-4272
4    Facsimile:     (818) 484-2192
5    Email:         cmm@manookianlaw.com

Electronically FILED by
Superior Court of California,
County of Los Angeles
8/12/2024 12:00 AM
David W. Slayton,
Executive Officer/Clerk of Court,
By N. Le, Deputy Clerk

6    Attorneys for Plaintiff: SUR TRANSPORTATION INC.

7

8              **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

9                      **COUNTY OF LOS ANGELES**

10

11   SUR TRANSPORTATION INC., a          )   Case No.: **24NNCV03482**
     California Corporation;             )
12                                       )   *Assigned to:*
13              Plaintiff,               )   Unlimited Civil Case Over $35,000.00
                                         )
14        vs.                            )   **COMPLAINT FOR DAMAGES IN**
                                         )   **VIOLATION OF SONG-BEVERLY**
15                                       )   **CONSUMER WARRANTY ACT [Civil**
     JAGUAR LAND ROVER NORTH             )   **Code § 1790 et seq.]:**
16   AMERICA, LLC, a Delaware limited    )
     liability company; and DOES 1 through 50 )  **1. BREACH OF EXPRESS**
17   inclusive,                          )      **WARRANTY OBLIGATIONS**
                                         )      **UNDER SONG-BEVERLY;**
18                                       )
                Defendants.              )   **2. BREACH OF IMPLIED**
19                                       )      **WARRANTY OBLIGATIONS**
                                         )      **UNDER SONG-BEVERLY**
20                                       )
                                         )
21                                       )   **REQUEST FOR JURY TRIAL**
                                         )
22                                       )
                                         )
23   ────────────────────────────────   )

24        COMES NOW PLAINTIFF, SUR TRANSPORTATION INC. (hereinafter

25   referred to as "SUR") who sets forth the following causes of action against Defendants,

26   and each of them, and who alleges as follows:

27   / / /

28   / / /

                                         1

                        COMPLAINT FOR DAMAGES

## GENERAL ALLEGATIONS
## COMMON TO ALL CAUSES OF ACTION

1.    SUR is a corporation duly formed and existing by virtue of the laws of the State of California, with its primary place of business in the in the county of Los Angeles, in the State of California.

2.    SUR is informed and believes and thereon alleges that Defendant JAGUAR LAND ROVER NORTH AMERICA, LLC (hereinafter referred to as Defendant "JLRNA") is a limited liability company duly formed and existing by virtue of the laws of the State of Delaware, currently doing business in the County of Los Angeles, in the State of California.

3.    a)    The true names and capacities, whether individual, corporate, associate, or otherwise, of Defendants Doe 1 through 50, inclusive, are unknown to SUR who therefore sues these Defendants by such fictitious names, and SUR will seek leave to amend this complaint to set forth their true names and capacities when she has ascertained them.

b)    SUR is informed and believes, and thereon alleges, that each of the Defendants designated herein as a "Doe" is responsible in some manner for the events and happenings herein referred to and caused injury and damage to SUR as herein alleged.

4.    a)    SUR is informed and believes, and thereon alleges, that at all times herein mentioned, Defendants and each of them, were the agents, servants, and employees of each of their Co-Defendants.

b)    SUR is informed and believes, and thereon alleges that in doing the things hereinafter alleged, Defendants, and each of them, were acting in the course and scope of their employment as such agents, servants, and employees, and with the permission, consent, knowledge and ratification of their Co-Defendants, principals and employers.

///

2

5.     SUR is informed and believes, and thereon alleges, that on or before July 26, 2023, Defendant JLRNA and Does 1 through 50, and each of them, (individually and collectively "Manufacturer"), manufactured and distributed, in the United States and the State of California a consumer good identified as a 2023 Land Rover Range Rover, Vehicle Identification No. SALKPBFUXPA075263, for its eventual sale or lease to retailer buyers or lessees.

6.     On or about July 26, 2023, SUR purchased the Subject Vehicle primarily for personal, family or household purposes from a retail merchants authorized by manufacturer to do business in the State of California on behalf of Manufacturer, for a total consideration over the term of the contract of $169,237.20.

7.     Manufacturer appended to the Subject Vehicle an express written warranty in which it warranted to perform any repairs or replacement of parts necessary to ensure that the Subject Vehicle and the components therein were free from all defects in material and workmanship, and to perform any adjustments necessary to maintain the utility of the Subject Vehicle and the parts, components, and various electrical and mechanical systems contained therein, for at least 5 years or 60,000 miles, from original date of distribution.

8.     At all times mentioned herein, the Subject Vehicle was and is a motor vehicle" as defined in Song-Beverly, Civil Code § 1793.22(e)(2), in that it was a new motor vehicle with a manufacturer's new car warranty.

9.     SUR duly performed all the conditions on its part under the contract and under each of the express warranties referenced above, except insofar as the acts and omissions of Defendants, and each of them, as hereinafter alleged, prevented or excused such performances.

10.     Since purchasing the Subject Vehicle, SUR has delivered the Subject Vehicle for repair to Defendant or its authorized repair facility(s) repeatedly for repair of nonconformity(s) to warranty, including, but not limited to defect(s) which have manifested in: Multiple warnings accompanied by the vehicle not engaging in gear

1  requiring a tow. Said nonconformity(s) have substantially impaired the vehicle's use,

2  value, and/or safety to Plaintiff.

3    11.    a)    On each occasion on which the Subject Vehicle exhibited defects,

4  non-conformities, misadjustments, or malfunctions, as hereinabove described, SUR

5  notified Manufacturer, through Dealer or one of its authorized service and repair facilities

6  within a reasonable time after SUR's discovery thereof.

7        b)    On each occasion of notification, SUR attempted to invoke the

8  applicable warranties, demanding that the authorized repair facilities repair such

9  nonconformities under the warranties.

10    12.    a)    On each occasion, Defendants, and each of them represented to SUR

11  that they could and would make the Subject Vehicle conform to the applicable

12  warranties, or that they had successfully repaired the Subject Vehicle.

13        b)    However, Defendants, and each of them, failed to make the Subject

14  Vehicle conform to the applicable warranties, despite a reasonable number of attempts to

15  do so.

16    13.    SUR, pursuant to the Cal. Civil Code made demand upon Defendants to

17  repurchase the Subject Vehicle.

18    14.    As of the date of this operative complaint Defendants, and each of them,

19  have been unable or unwilling to make the subject vehicle conform to the applicable

20  warranties, or make restitution pursuant to statute.

21    15.    The subject vehicle has been out of service for over thirty (30) days, as

22  such, the Subject Vehicle falls under the presumption provisions of California Civil Code

23  §1793.22 et seq.

## FIRST CAUSE OF ACTION

### Breach of Express Warranty Obligations under Song-Beverly Act

26    16.    SUR realleges every paragraph contained in the General Allegations, and

27  incorporates them by this reference as though fully set forth herein.

28  ///

4

17.     The actions of Defendants, and each of them, in failing to perform the proper repairs, part replacements, or adjustments to make the Subject Vehicle conform to the applicable express warranties constitutes a breach of the express warranties that Manufacturer provided to SUR, thereby breaching Defendants' obligations under Song-Beverly.

18.     a)     As the result of the actions of Defendants, and each of them, and in accordance with the provisions of Song-Beverly, SUR is entitled to replacement of the Subject Vehicle, or restitution of the among actually paid or payable under the contract, at SUR's option, plus prejudgment interest thereon at the legal rate.

        b)     SUR will seek leave of the Court to amend this Complaint to set forth the exact amount of restitution and interest, upon election when ascertained.

19.     a)     As a further result of the actions of Defendants, and each of them, and in accordance with Song-Beverly, SUR has sustained and is entitled to incidental damages in an amount yet to be determined, plus interest thereon at the legal rate.

        b)     SUR will seek leave of the Court to amend this Complaint to set forth the exact amount of incidental damages when ascertained.

20.     a)     As a further result of the actions of Defendants, and each of them, and in accordance with Song-Beverly, SUR has sustained and is entitled to consequential damages in an amount yet to be determined, plus interest thereon at the legal rate.

        b)     SUR will seek leave of the Court to amend this Complaint to set forth the exact amount of consequential damages when ascertained.

21.     a)     SUR is informed and believes and thereon alleges that Defendants and each of them, failed to perform the necessary repairs or service in a good and workmanlike manner.

        b)     The action taken by Defendants, and each of them, were insufficient to make the Subject Vehicle conform to the express warranties and proper operational characteristics of like vehicles, all in violation of Defendants' obligations under Song-Beverly.

22.     Although Defendants, and each of them, were unable to service or repair the Subject Vehicle to conform to the applicable express warranties after a reasonable number of attempts, Defendants failed to replace the Subject Vehicle or make restitution to SUR in accordance with Song-Beverly.

23.     SUR is informed and believes and thereon alleges that Defendants, and each of them, knew of their obligations under Song-Beverly but intentionally declined to fulfill them.

24.     SUR is informed and believes and thereon alleges that the failure of Defendants, and each of them, to make the Subject Vehicle conform to the applicable express warranties was willful, justifying an award of a Civil penalty as provided in Song-Beverly in an amount not to exceed two times SUR's actual damages.

25.     SUR is informed and believes and thereon alleges that the failure of Defendant, and each of them, to replace the Subject Vehicle or make restitution to SUR was willful, justifying an award of a Civil Penalty as provided under Song-Beverly in an amount not to exceed two times SUR's actual damages.

26.     a)     SUR, pursuant to the Cal. Civil Code made demand upon Defendants to repurchase the Subject Vehicle.  As of the date of this operative complaint, Defendants, and each of them, were unable or unwilling to make the subject vehicle conform to the applicable warranties, or make restitution pursuant to statute.

b)     SUR is informed and believes and thereon alleges that Defendants, and each of them, knew of their obligation under Song-Beverly, but nevertheless, despite SUR's demand, failed and refused to make restitution or replacement according to the mandates of Son-Beverly.

c)     The failure of defendants, and each of them, to refund the consideration paid and payable or to replace the Subject Vehicle with a similar vehicle free from defects justifies an award of a Civil Penalty in an amount not to exceed two times SUR's actual damages, as provided by Song-Beverly.

/ / /

6

COMPLAINT FOR DAMAGES

1    27.    a)    As a direct result of the actions of Defendants, and each of them, and

2 in pursuing SUR's claim, it was necessary for SUR to retain legal counsel.

3        b)    Under Song-Beverly, SUR is entitled to the recovery of attorney's

4 fees based upon actual time expended, and to the recovery of all costs and expenses

5 reasonably incurred in pursuing this matter.

6 **SECOND CAUSE OF ACTION**

7 **Breach of Implied Warranty Obligations under Song-Beverly Act**

8    28.    SUR realleges every paragraph contained in the General Allegations, and

9 incorporates them herein by reference as though fully set forth at length.

10    29.    At the time that SUR took possession of the Subject Vehicle, Defendants,

11 and each of them, impliedly warranted that the Subject Vehicle was merchantable as

12 provided in Song-Beverly.

13    30.    The Subject Vehicle was not merchantable, as evidence by the defects, non-

14 conformities, misadjustments, and malfunctions as hereinabove alleged.

15    31.    SUR is informed and believes, and thereon alleges that the defective

16 vehicle systems and components were present at the time of sale of the Subject Vehicle;

17 thus, extending the duration of any implied warranty under *Mexia v. Rinker Boat Co.,*

18 *Inc.* (2009) 174 Cal.App.4th 1297, 1304–1305 and other applicable laws.

19    32.    a)    As the result of the actions of Defendants, and each of them SUR

20 has sustained damage in the amount actually paid or payable under the contract, plus

21 prejudgment interest thereon at the legal rate.

22        b)    SUR will seek leave to amend this Complaint to set forth the exact

23 amount thereof when SUR has ascertained it.

24    33.    a)    As a further result of the action of Defendants, and each of them,

25 SUR has sustained incidental damages in an amount yet to be determined, plus interest

26 thereon at the legal rate.

27        b)    SUR will seek leave to amend this Complaint to set forth the exact

28 amount of incidental damages when SUR has ascertained them.

7

COMPLAINT FOR DAMAGES

34.    a)    As a further result of the actions of Defendants, and each of them, SUR has sustained consequential damages in an amount yet to be determined, plus interest thereon at the legal rate.

b)    SUR will seek leave to amend this Complaint to set forth the exact amount of consequential damages when SUR has ascertained them.

35.    a)    SUR, pursuant to the Cal. Civil Code made demand upon Defendants to repurchase the Subject Vehicle.  AS of the date of this operative complaint, Defendants, and each of them, were unable or unwilling to make the subject vehicle conform to the applicable warranties, or make restitution pursuant to statute.

b)    SUR is informed and believes and thereon alleges that Defendants, and each of them, knew of their obligations under Song-Beverly, but nevertheless, despite SUR's demand, failed and refused to make restitution or replacement according to the mandates of Song-Beverly.

c)    The failure of Defendants, and each of them, to refund the consideration paid and payable or to replace the Subject Vehicle with a similar vehicle free from defects, justifies an award of a Civil Penalty in an amount not to exceed two times SUR's actual damages, as provided in Song-Beverly.

36.    a)    As a direct result of the actions of Defendants, and each of them, and in pursuing SUR's claim, it was necessary for SUR to retain legal counsel.

b)    Under Song-Beverly, SUR is entitled to the recovery of attorney's fees based upon actual time expended, and to the recovery of all costs and expenses reasonably incurred in pursuing this matter.

## **PRAYER**

**WHEREFORE**, SUR prays for judgment against Defendants, and each of them, as follows:

1.  For replacement or restitution, at SUR's option as required under Song-Beverly, in an amount not less than $169,237.20;

2.  For incidental damages, according to proof;

8

COMPLAINT FOR DAMAGES

3. For consequential damages, according to proof;

4. For prejudgment interest at the legal rate;

5. For a civil penalty as provided in Song-Beverly, in an amount not to exceed two times the amount of SUR's actual damages;

6. For attorney's fees based upon actual time expended, according to proof;

7. For all costs and expenses of suit incurred; and,

8. For such other and further relief as this Court may deem just and proper.

Dated: August 11, 2024

MANOOKIAN LAW, APLC

Claude Manookian, Esq.
Attorneys for Plaintiff

SUR TRANSPORTATION INC.

9

COMPLAINT FOR DAMAGES

| SUPERIOR COURT OF CALIFORNIA<br>COUNTY OF LOS ANGELES | Reserved for Clerk's File Stamp |
|---|---|
| COURTHOUSE ADDRESS:<br>Burbank Courthouse<br>300 East Olive Avenue, Rm 225, Burbank, CA 91502 | **FILED**<br>Superior Court of California<br>County of Los Angeles<br>**08/12/2024**<br>David W. Slayton, Executive Officer / Clerk of Court<br>By: _____N. Le_____ Deputy |
| **NOTICE OF CASE ASSIGNMENT**<br>**UNLIMITED CIVIL CASE** | |
| Your case is assigned for all purposes to the judicial officer indicated below. | CASE NUMBER:<br>24NNCV03482 |

**THIS FORM IS TO BE SERVED WITH THE SUMMONS AND COMPLAINT**

| | ASSIGNED JUDGE | DEPT | ROOM | | ASSIGNED JUDGE | DEPT | ROOM |
|---|---|---|---|---|---|---|---|
| ✓ | John J. Kralik | B | | | | | |

Given to the Plaintiff/Cross-Complainant/Attorney of Record    David W. Slayton, Executive Officer / Clerk of Court

on 08/12/2024                                    By N. Le                                    , Deputy Clerk
    (Date)

LACIV 190 (Rev 6/18)
LASC Approved 05/06                **NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

## INSTRUCTIONS FOR HANDLING UNLIMITED CIVIL CASES

The following critical provisions of the California Rules of Court, Title 3, Division 7, as applicable in the Superior Court, are summarized for your assistance.

### APPLICATION
The Division 7 Rules were effective January 1, 2007. They apply to all general civil cases.

### PRIORITY OVER OTHER RULES
The Division 7 Rules shall have priority over all other Local Rules to the extent the others are inconsistent.

### CHALLENGE TO ASSIGNED JUDGE
A challenge under Code of Civil Procedure Section 170.6 must be made within **15** days after notice of assignment for all purposes to a judge, or if a party has not yet appeared, within 15 days of the first appearance.

### TIME STANDARDS
Cases assigned to the Independent Calendaring Courts will be subject to processing under the following time standards:

### COMPLAINTS
All complaints shall be served within 60 days of filing and proof of service shall be filed within 90 days.

### CROSS-COMPLAINTS
Without leave of court first being obtained, no cross-complaint may be filed by any party after their answer is filed. Cross-complaints shall be served within 30 days of the filing date and a proof of service filed within 60 days of the filing date.

### STATUS CONFERENCE
A status conference will be scheduled by the assigned Independent Calendar Judge no later than 270 days after the filing of the complaint. Counsel must be fully prepared to discuss the following issues: alternative dispute resolution, bifurcation, settlement, trial date, and expert witnesses.

### FINAL STATUS CONFERENCE
The Court will require the parties to attend a final status conference not more than 10 days before the scheduled trial date. All parties shall have motions in limine, bifurcation motions, statements of major evidentiary issues, dispositive motions, requested form jury instructions, special jury instructions, and special jury verdicts timely filed and served prior to the conference. These matters may be heard and resolved at this conference. At least five days before this conference, counsel must also have exchanged lists of exhibits and witnesses, and have submitted to the court a brief statement of the case to be read to the jury panel as required by Chapter Three of the Los Angeles Superior Court Rules.

### SANCTIONS
The court will impose appropriate sanctions for the failure or refusal to comply with Chapter Three Rules, orders made by the Court, and time standards or deadlines established by the Court or by the Chapter Three Rules. Such sanctions may be on a party, or if appropriate, on counsel for a party.

**This is not a complete delineation of the Division 7 or Chapter Three Rules, and adherence only to the above provisions is therefore not a guarantee against the imposition of sanctions under Trial Court Delay Reduction. Careful reading and compliance with the actual Chapter Rules is imperative.**

### Class Actions
Pursuant to Local Rule 2.3, all class actions shall be filed at the Stanley Mosk Courthouse and are randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be a class action it will be returned to an Independent Calendar Courtroom for all purposes.

### *Provisionally Complex Cases
Cases filed as provisionally complex are initially assigned to the Supervising Judge of complex litigation for determination of complex status. If the case is deemed to be complex within the meaning of California Rules of Court 3.400 et seq., it will be randomly assigned to a complex judge at the designated complex courthouse. If the case is found not to be complex, it will be returned to an Independent Calendar Courtroom for all purposes.

**NOTICE OF CASE ASSIGNMENT – UNLIMITED CIVIL CASE**

# SUPERIOR COURT OF CALIFORNIA
# COUNTY OF LOS ANGELES

COURTHOUSE ADDRESS:
Burbank Courthouse
300 East Olive Avenue, Rm 225, Burbank, CA 91502

PLAINTIFF:
SUR TRANSPORTATION INC, a California corporation

DEFENDANT:
JAGUAR LAND ROVER NORTH AMERICA, LLC, a Delaware limit

**NOTICE OF CASE MANAGEMENT CONFERENCE**

Reserved for Clerk's File Stamp

**FILED**
Superior Court of California
County of Los Angeles

08/12/2024

David W. Slayton, Executive Officer / Clerk of Court

By: _____ D. Quispe _____ Deputy

CASE NUMBER:
24NNCV03482

TO THE PLAINTIFF(S)/ATTORNEY(S) FOR PLAINTIFF(S) OF RECORD:

You are ordered to serve this notice of hearing on all parties/attorneys of record forthwith, and meet and confer with all parties/attorneys of record about the matters to be discussed no later than 30 days before the Case Management Conference.

Your Case Management Conference has been scheduled at the courthouse address shown above on:

Date: 01/13/2025    Time: 8:30 AM    Dept.: B

NOTICE TO DEFENDANT:    THE SETTING OF THE CASE MANAGEMENT CONFERENCE DOES NOT EXEMPT THE DEFENDANT FROM FILING A RESPONSIVE PLEADING AS REQUIRED BY LAW.

Pursuant to California Rules of Court, rules 3.720-3.730, a completed Case Management Statement (Judicial Council form # CM-110) must be filed at least 15 calendar days prior to the Case Management Conference. The Case Management Statement may be filed jointly by all parties/attorneys of record or individually by each party/attorney of record. You must be familiar with the case and be fully prepared to participate effectively in the Case Management Conference.

At the Case Management Conference, the Court may make pretrial orders including the following, but not limited to, an order establishing a discovery schedule; an order referring the case to Alternative Dispute Resolution (ADR); an order reclassifying the case; an order setting subsequent conference and the trial date; or other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.)

Notice is hereby given that if you do not file the Case Management Statement or appear and effectively participate at the Case Management Conference, the Court may impose sanctions, pursuant to LASC Local Rule 3.37, Code of Civil Procedure sections 177.5, 575.2, 583.150, 583.360 and 583.410, Government Code section 68608, subdivision (b), and California Rules of Court, rule 2.2 et seq.

Dated: 08/12/2024

**John J. Kralik**
Judicial Officer

CERTIFICATE OF SERVICE John J. Kralik / Judge

I, the below named Executive Officer/Clerk of Court of the above-entitled court, do hereby certify that I am not a party to the cause herein, and that on this date I served the Notice of Case Management Conference upon each party or counsel named below:

☑ by depositing in the United States mail at the courthouse in Burbank _____, California, one copy of the original filed herein in a separate sealed envelope to each address as shown below with the postage thereon fully prepaid.

☐ by personally giving the party notice upon filing of the complaint.

Claude M Manookian
500 N Brand Blvd Ste 1125
Glendale, CA 91203

David W. Slayton, Executive Officer / Clerk of Court

Dated: 08/12/2024

By D. Quispe
Deputy Clerk

# NOTICE OF
# CASE MANAGEMENT CONFERENCE

Cal. Rules of Court, rules 3.720-3.730
LASC Local Rules, Chapter 7KUHH

 **Superior Court of California, County of Los Angeles**

---

## ALTERNATIVE DISPUTE RESOLUTION (ADR) INFORMATION PACKAGE

**THE PLAINTIFF MUST SERVE THIS ADR INFORMATION PACKAGE ON EACH PARTY WITH THE COMPLAINT.**

**CROSS-COMPLAINANTS** must serve this ADR Information Package on any new parties named to the action with the cross-complaint.

---

### What is ADR?

ADR helps people find solutions to their legal disputes without going to trial. The main types of ADR are negotiation, mediation, arbitration, and settlement conferences. When ADR is done by phone, videoconference or computer, it may be called Online Dispute Resolution (ODR). These alternatives to litigation and trial are described below.

### Advantages of ADR

- **Saves Time:** ADR is faster than going to trial.
- **Saves Money:** Parties can save on court costs, attorney's fees, and witness fees.
- **Keeps Control** (with the parties): Parties choose their ADR process and provider for voluntary ADR.
- **Reduces Stress/Protects Privacy:** ADR is done outside the courtroom, in private offices, by phone or online.

### Disadvantages of ADR

- **Costs:** If the parties do not resolve their dispute, they may have to pay for ADR, litigation, and trial.
- **No Public Trial:** ADR does not provide a public trial or decision by a judge or jury.

### Main Types of ADR

1. **Negotiation:** Parties often talk with each other in person, or by phone or online about resolving their case with a settlement agreement instead of a trial. If the parties have lawyers, they will negotiate for their clients.

2. **Mediation:** In mediation, a neutral mediator listens to each person's concerns, helps them evaluate the strengths and weaknesses of their case, and works with them to try to create a settlement agreement that is acceptable to all. Mediators do not decide the outcome. Parties may go to trial if they decide not to settle.

   **Mediation may be appropriate when the parties**
   - want to work out a solution but need help from a neutral person.
   - have communication problems or strong emotions that interfere with resolution.

   **Mediation may not be appropriate when the parties**
   - want a public trial and want a judge or jury to decide the outcome.
   - lack equal bargaining power or have a history of physical/emotional abuse.

**How to Arrange Mediation in Los Angeles County**

Mediation for **civil cases** is voluntary and parties may select any mediator they wish.  Options include:

a. **The Civil Mediation Vendor Resource List**
   If all parties in an active civil case agree to mediation, they may contact these organizations to request a "Resource List Mediation" for mediation at reduced cost or no cost (for selected cases).

   - **ADR Services, Inc.** Assistant Case Manager Janet Solis, janet@adrservices.com (213) 683-1600
   - **Mediation Center of Los Angeles** Program Manager info@mediationLA.org (833) 476-9145

   **These organizations cannot accept every case and they may decline cases at their discretion.** They may offer online mediation by video conference for cases they accept.  Before contacting these organizations, review important information and FAQs at www.lacourt.org/ADR.Res.List

   **NOTE:  The Civil Mediation Vendor Resource List program does not accept family law, probate, or small claims cases.**

b. **Los Angeles County Dispute Resolution Programs.** Los Angeles County-funded agencies provide mediation services on the day of hearings in small claims, unlawful detainer (eviction), civil harassment, and limited civil (collections and non-collection) cases.
   https://dcba.lacounty.gov/countywidedrp/

   **Online Dispute Resolution (ODR).** Parties in small claims and unlawful detainer (eviction) cases should carefully review the Notice and other information they may receive about (ODR) requirements for their case.  https://my.lacourt.org/odr/

c. Mediators and ADR and Bar organizations that provide mediation may be found on the internet.

3. **Arbitration:** Arbitration is less formal than trial, but like trial, the parties present evidence and arguments to the person who decides the outcome.  In "binding" arbitration, the arbitrator's decision is final; there is no right to trial.  In "nonbinding" arbitration, any party can request a trial after the arbitrator's decision.  For more information about arbitration, visit https://www.courts.ca.gov/programs-adr.htm

4. **Mandatory Settlement Conferences (MSC):**  MSCs are ordered by the Court and are often held close to the trial date or on the day of trial.  The parties and their attorneys meet with a judge or settlement officer who does not make a decision but who instead assists the parties in evaluating the strengths and weaknesses of the case and in negotiating a settlement.  For information about the Court's MSC programs for civil cases, visit https://www.lacourt.org/division/civil/CI0047.aspx

Los Angeles Superior Court ADR website:  https://www.lacourt.org/division/civil/CI0109.aspx
For general information and videos about ADR, visit http://www.courts.ca.gov/programs-adr.htm